IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE P. SLEDGE, Jr., )
         Petitioner, )
) Civil Action No. 13-1075
vs. )
) Judge Cathy Bissoon/
THE ATTORNEY GENERAL OF THE ) Magistrate Judge Maureen P. Kelly
STATE OF PENNSYLVANIA, )
         Respondent. )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 1, be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies. It is further respectfully recommended that a certificate of appealability be denied.

## II. REPORT

### A. Relevant Procedural History

Dale P. Sledge ("Petitioner"), a state prisoner, has filed this Petition, seeking to challenge drug related convictions, which were obtained in the Court of Common Pleas of Fayette County in <u>Commonwealth v. Sledge</u>, CP-26-CR-0000272-2006 (Fayette County Ct.C.P.).[5] Those dockets reveal that Petitioner was convicted by a jury on March 2, 2010. He was sentenced on April 5, 2010. Petitioner's conviction was affirmed on direct appeal by the Pennsylvania

---

[5] The Court takes judicial notice of the Common Pleas Court docket in Petitioner's criminal case. The docket is available at

    http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-26-CR-0000272-2006

(site last visited 7/25/2013).

Superior Court on October 24, 2011.[6] The Superior Court denied Petitioner's Motion for Reargument /Reconsideration on January 9, 2012.

The Common Pleas Court docket reveals that Petitioner filed, by counsel, his first Post Conviction Relief Act ("PCRA") petition on April 30, 2012. An amended PCRA petition was then filed on October 15, 2012, by Petitioner pro se (the "Amended PCRA Petition"). On November 5, 2012, Petitioner filed a Motion to Proceed Pro Se. He also filed a Petition for Writ of Habeas Corpus with the Fayette County Court of Common Pleas on January 11, 2013. That Petition for Writ of Habeas Corpus was denied on February 7, 2013. The Court of Common Pleas also granted Petitioner's Motion to Proceed Pro Se on May 14, 2013. The Amended PCRA Petition is currently pending in the Court of Common Pleas of Fayette County.

As to the present habeas Petition, the Clerk of Court received and filed the Petition on July 24, 2013 after Petitioner paid the filing fee.

### B. Applicable Legal Principles - Exhaustion Requirement

#### 1. Rule 4 pre-service dismissals

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[6] The Court takes judicial notice of the docket of the Pennsylvania Superior Court in Petitioner's direct appeal, Commonwealth v. Sledge, No. 682 WDA 2010 (Pa.Super.) which is available at

http://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=682+WDA+2010

(site last visited 7/25/2013).

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of the dockets in Petitioner's criminal case in the Court of Common Pleas of Fayette County and in his direct appeal in the Pennsylvania Superior Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition will be dismissed pre-service because Petitioner failed to exhaust his state court remedies given that he has a currently pending PCRA petition in the criminal case, attacking the very same convictions which he seeks to attack via the present Petition. Williams v. Wynder, 232 F. App'x 177 (3d

Cir. 2007) (affirming District Court's order, dismissing the Section 2254 habeas petition prior to service for failure to exhaust).

### 2. Exhaustion of state court remedies is required.

Congress has provided in 28 U.S.C. § 2254 that

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State;
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Hence, this Court must analyze the question of whether Petitioner has exhausted his state remedies.

Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine,[3] the United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition**." Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question which the Court must resolve is this: at the time Petitioner filed this habeas Petition, did Petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). See also Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any

---

[3] See, e.g., Lines v. Larkins, 208 F.3d 153, 160 n.9 (3d Cir. 2000); Bailey v. Nagle, 172 F.3d 1299 (11th Cir. 1999).

available procedure, the question presented.' 28 U.S.C. S 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition")(some internal quotations omitted).

The principle of exhaustion is based upon considerations of comity. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance...."), overruled on other grounds by, Coleman v. Thompson, 501 U.S. 722 (1991). Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. Richardson v. Miller, 716 F.Supp. 1246, 1266 (W.D. Mo. 1989) ("*Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a).") (citations omitted). Moreover, it is the Petitioner's burden to prove that she has met the exhaustion requirement. DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

If a state prisoner seeking federal habeas relief has not exhausted his state court remedies and there is no apparent problem concerning AEDPA's statute of limitations (and here, there is none) and a petitioner fails to show "good cause" as to why he did not exhaust,[4] the federal court may dismiss the petition without prejudice in order to allow a habeas petitioner to finish seeking relief in state court. See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Rose v. Lundy, 455 U.S. 509 (1982), *modified by*, Rhines v. Weber, 544 U.S. 269 (2005); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005). However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).

**C. Discussion**

Prior to filing the current habeas Petition in this Court, Petitioner filed a PCRA petition at the trial court level in the Court of Common Pleas of Fayette County on April 30, 2012. On October 15, 2012, Petitioner then filed an Amended PCRA Petition. When Petitioner initiated these present habeas proceedings in this Court, his Amended PCRA Petition was still pending. This Court takes judicial notice of the dockets of the Fayette County Court of Common Pleas and of the fact that Petitioner's Amended PCRA Petition is still pending at the state trial court level.

Because the Fayette County Court of Common Pleas is considering Petitioner's Amended PCRA Petition and even if it denies him relief, it is possible for him to appeal, and indeed, the

---

[4] Here, Petitioner has made no showing of good cause for his filing this habeas Petition while he has a currently pending Amended PCRA Petition in the state courts; hence this court need not stay and abey the habeas petition while Petitioner exhausts his state court remedies but may exercise its discretion to dismiss it without prejudice.

6

federal habeas doctrine of exhaustion requires him to do so,[7] and because it is possible that the appeal to the Superior Court could afford Petitioner relief, this instant Petition should be dismissed without prejudice to filing a new habeas petition after state court remedies have been exhausted if indeed those state court remedies do not afford Petitioner relief. See, e.g., Rose v. Lundy, 455 at 518 (in habeas cases involving state prisoners, "federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, **and already cognizant of the litigation**, have had an opportunity to pass upon the matter.")(emphasis added); Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)("Nor should we discourage petitioners from exhausting all their claims in state court, even by means of a second or subsequent petition for post-conviction relief where permissible under state law, **before** seeking habeas review in federal court.")(emphasis added).[8] Accordingly, it is recommended that the Petition be dismissed before being served albeit without prejudice.

---

[7] See, e.g., Buxton v. Pennsylvania, 398 F. App'x 704, 706 (3d Cir. 2010) ("To satisfy the exhaustion requirement, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'") (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

[8] We note that there are two contexts in which the term "exhaustion" is used in federal habeas jurisprudence. First, there is exhaustion with regard to a particular claim, meaning that a particular claim has been presented to the state courts through one complete round of state court proceedings. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("A petitioner will not be deemed to have exhausted the available state court remedies so long as she has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). A petitioner who has raised an issue on direct appeal, however, is not required to raise it again in a state post-conviction proceeding."). Second, there is exhaustion with regard to a particular conviction, meaning that so long as there are ongoing state court proceedings attacking the particular conviction which is also being attacked in the federal habeas proceedings, the exhaustion requirement has not been satisfied. See, e.g., K.A.E . v. Wanta, No. 10–CV–1033, 2010 WL 5126391 at * (E.D. Wis. Nov. 26, 2010) ("When state court proceedings are pending, the exhaustion requirement is generally considered unsatisfied. *Tran v. Barrow*, 210 Fed. App'x 538, 539–40 (7th Cir. 2006) (affirming dismissal for failure to exhaust where petitioner was in

### D. Certificate of Appealability

Section 2253 generally governs appeals from District Court orders regarding habeas petitions. Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (C)(2). There is a difficulty in applying Section 2253(C)(2) when the District Court does not decide the case on the merits, i.e., declines to address questions of constitutional violations, but instead decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

In resolving this difficulty, the Supreme Court in Slack v. McDaniel, held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. at 484. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 473. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

---

detention pending trial and state court had not ruled on a motion to dismiss); *see also Hollins v. Gramley*, 48 F.3d 1221 (table), 1995 WL 104415, at *2 (7th Cir. 1995) ('It makes no sense to permit parallel state and federal proceedings' where state post-conviction petition was pending)"). We find that Petitioner herein has failed to exhaust his state court remedies in the second sense, i.e., he has a currently pending Amended PCRA Petition in state court attacking the very same conviction that he attacks herein.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether dismissal of the Petition for failing to exhaust state court remedies was correct. Accordingly, a certificate of appealability should be denied. Because of this conclusion and the fact that the test for granting a certificate of appealability is conjunctive, this Court does not need to reach the other prong of the Slack v. McDaniel test, i.e., whether Petitioner has made a substantial showing of a denial of a constitutional right.

## III. CONCLUSION

It is respectfully recommended that the Petition be dismissed without prejudice before being served because Petitioner has failed to exhaust state court remedies. The certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: July 30, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Cathy Bissoon
United States District Judge

**DALE P. SLEDGE, JR.**
KJ-8397
S.C.I. Laurel Highlands
5706 Glade Pike
Somerset, PA 15501